RONALD E. KOTCHE, Clerk of the Circuit Court of the 17th Judicial Circuit, Winnebago County, *et al.*, Plaintiffs, *v.* THE COUNTY BOARD OF WINNEBAGO COUNTY *et al.*, Defendants-Appellees.—(RONALD E. KOTCHE, Clerk of the Circuit Court of the 17th Judicial Circuit, Winnebago County, Plaintiff-Appellant.)

Second District    No. 79-464

Opinion filed August 28, 1980.

William E. Collins, of Rockford, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (John H. Foley, Jr., Assistant State's Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Ronald E. Kotche, clerk of the circuit court of the 17th Judicial Circuit, sought a declaratory judgment that his office was not subject to control by the County Board of Winnebago County relative to turning over fees, hiring, job classifications and other internal operations. The trial court entered summary judgment in favor of the county from which the clerk appeals.

■■ Preliminarily, the county has questioned in its brief whether there is a

justiciable controversy (Ill. Rev. Stat. 1977, ch. 110, par. 57.1) inasmuch as the clerk has transmitted all fees to the county. The controversy is over the constitutionality of several statutes and over the powers and duties of public officials. We conclude that the proceedings are not moot. The clerk was not obligated to withhold fees and await a *mandamus* action on that issue; and all of the questions are ongoing. See, *e.g., Antioch Community High School Teachers' Association v. Board of Education* (1971), 2 Ill. App. 3d 504, 506.

Section 2 of "An Act to provide for the timely deposit of fees * * *" (Ill. Rev. Stat. 1977, ch. 85, par. 722) provides that "[a]ll elected or appointed officials of units of local government, and clerk of the circuit courts * * * shall deposit all such collected fees upon receipt with the county treasurer * * *." The clerk contends that this statutory provision conflicts with the Illinois Constitution of 1970 and is therefore unconstitutional.

Article VI, section 18(b), (c), of the 1970 Illinois Constitution, dealing with the judiciary, provides in substance that the legislature can provide for either election or appointment of "clerks and other nonjudicial officers," their terms, removal and salary. Previously, under the 1870 Constitution circuit clerks were designated as elected county officers (Ill. Const. 1870, art. X, §8), with the further proviso that all fees collected by them above their legislative designated salaries were to be paid to the county treasurer (Ill. Const. 1870, art. X, §9). Further, the 1870 Constitution provided that the number of deputies and assistants were to be determined by "rule of the circuit court" and their compensation "determined by the county board" but paid only out of fees collected. (Ill. Const. 1870, art. X, §9.) Under the 1970 Illinois Constitution, in contrast, all references to circuit court clerks were removed from the local government article with the result that the sole reference to such clerks is found in article VI providing for the judiciary.

The clerk reasons from this history, contrasting the 1870 and 1970 constitutions, that the 1970 Constitution was intended to remove the office of the circuit court clerk from control by the county board and that he is no longer required to pay fees into the county treasury. In support of this theory the clerk also relies upon debates of the constitutional convention relative to article VII, section 9, in which Delegate Dunn proposed two changes in the section as it now reads. One change would have specifically added clerks of the circuit court to the local government article; another would have made the deposit of fees into the county treasury dependent upon legislative enactment. The amendment was rejected. From this the clerk argues that in rejecting the amendment the delegates were saying that a fee deposit requirement imposed on the clerk would be unconstitutional.

The reasoning appears to us to be faulty. The constitutional convention debate is of little aid in resolving the issues before us because it is not at all conclusive of the delegates' intentions. The delegates may have only objected to one or the other of the proposed changes; others may have reasoned, as did a delegate opposed to the amendment, that as a procedural rather than as a substantive matter the circuit clerk was intended to be referred to with particularity only in the judicial article. (See 4 Record of Proceedings, Sixth Illinois Constitutional Convention 3412 (hereinafter Proceedings).) Or, the delegates, rather than saying that a fee deposit requirement would be unconstitutional, were expressing the intention that they wanted statutory law to govern. 4 Proceedings 3412-13.

■■ Generally, powers reside in the legislature unless inhibited by a constitutional provision. (*Droste v. Kerner* (1966), 34 Ill. 2d 495, 498-99.) Constitutional provisions are to be liberally construed, resolving doubt and uncertainties in favor of the validity of a statute. (*People v. Anderson* (1934), 355 Ill. 289, 295.) The general assembly may enact laws governing judicial practice which do not unduly infringe upon inherent powers of the judiciary. (*Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149.) The legislature has constitutional authority to appropriate for the expenses of the judicial system. (Ill. Const. 1970, art. VI, §§14, 18.) And, the legislature may grant authority to municipalities or counties to legislate within areas of local concern. *People ex rel. Adamowski v. Public Building Com.* (1957), 11 Ill. 2d 125, 147.

■■ The application of these rules to the case before us leads us to the conclusion that the deposit-of-fees statute is constitutional. The clerk of the circuit court was considered to be a nonjudicial officer prior to the enactment of the 1970 Constitution. (Ill. Const. 1870, art. VI, §20, as amended in 1962.) Sections 18(b) and (c) of article VI of the 1970 Constitution substantially reproduced section 20 of article VI in the 1870 Constitution, empowering the General Assembly to provide by law for the appointment or election of clerks "and other non-judicial officers" of the courts. From this it may be fairly deduced that nonjudicial officers may be required to pay all of their fee income into the county treasury.

■■ Section 9 of the 1970 Constitution Transition Schedule provides that laws "not contrary to, or inconsistent with, the provisions of this Constitution shall remain in force * * *." The 1970 Constitution prohibits funding of the circuit clerk's office from fees collected. (Ill. Const. 1970, art. VI, §14.) However, there is no provision which specifically mandates the manner in which fee income received by the county clerk shall be deposited or disposed. Absent an express constitutional provision on this subject, the legislature is free to provide by law for the disposal of such fees. (*County of Stark v. County of Henry* (1927), 326 Ill. 535, 538.) We have found no such express constitutional provision.

■■ The clerk has also challenged various provisions of the clerks of courts act which provide that "the County Board shall provide the compensation of Clerks of the Circuit Court, and the amount necessary for clerk hire, stationery, fuel and other expenses * * *"; and which make further provision for the county board to furnish office facilities and necessities (Ill. Rev. Stat. 1977, ch. 25, pars. 18, 19, 20, 27.3); and various budget appropriation statutes applicable to the county boards related to the circuit clerk's office. (Ill. Rev. Stat. 1977, ch. 34, pars. 432, 2101, 2104.) The clerk argues that these statutes also fall based on his theory that the 1970 Constitution placed all operation of the circuit clerk's office in the judicial branch. We have rejected this premise and thus conclude that the cited statutes are constitutional.

The clerk alleged in his complaint that the board refused to pay salaries to employees of his office in the amounts requested and refused to consent to reclassification of employees within his office. He further alleged generally that the board has "persisted in controlling the hiring and firing and the conditions of employment" of his employees. Attached to the complaint are items of correspondence between the clerk and representatives of the board in which the clerk requested a pay raise for one employee and reclassification for three others, stating that he had sufficient funds in his budget therefor. The board in its letter refused to allow the proposed actions unless the clerk received the approval of an "overview committee." The board moved for summary judgment without filing an answer or supporting affidavits.

■■ The court found that the actions complained of were within the board's budgetary and statutory authority. We do not agree. Section 27.3 of the clerks of courts act (Ill. Rev. Stat. 1977, ch. 25, par. 27.3) gives the board the authority to appropriate funds for clerk hire, but does not empower the board to control the hiring, firing, promotion, or compensation of the deputy clerks hired by the clerk of the circuit court pursuant to statute. (Ill. Rev. Stat. 1977, ch. 25, par. 9.) We deem it significant that section 26 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1977, ch. 34, par. 432) imposes the duty upon the Board "to provide reasonable and necessary expenses *for the use of* * * * clerks of courts * * *." (Emphasis added.) The wording of the statute indicates that the clerks retain the authority to use the provided funds for the internal operation of their offices and the board's grant of authority is limited to appropriation of necessary funds. We need not address here the rights of clerks who allege that they cannot operate their offices on the funds provided, since no such allegation has been made.

Thus the judgment as to the issues of hiring, firing, classification, and remuneration of employees must be reversed and remanded for further proceedings. In the exhibits attached to the complaint the clerk states that

he has sufficient funds in his budget to make the proposed employment changes; if that is true, the board must refrain from interfering in the conditions of employment of the clerk's employees. In the future conduct of their relationship the parties should heed the admonition of the Illinois Supreme Court:

> "Under our design for government, the legislative, executive and judicial branches are to be separate and equal. The public interest requires that they work in harmony." *People ex rel. Bier v. Scholz* (1979), 77 Ill. 2d 12, 19.

Summary judgment on the issue of deposit of funds is affirmed. The judgment as to the issues concerning the internal operations of the clerk's office is reversed and remanded for further proceedings.

Affirmed in part; reversed and remanded in part.

VAN DEUSEN and UNVERZAGT, JJ., concur.