BARBARA B. KADEN, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. JOEL A. KAGANN, Clerk of the Circuit Court of Du Page County, Defendant-Appellee (The County of Du Page, Intervening Defendant-Appellee).

Second District No. 2—93—0164

Opinion filed April 22, 1994.

Bernard Z. Paul, of De Kalb (Lee J. Schwartz, of counsel), for appellant.

Roland W. Burris, Attorney General, of Chicago (Paula Giroux and Deborah L. Ahlstrand, Assistant Attorneys General, of counsel), for appellee Joel A. Kagann.

James E. Ryan, State's Attorney, of Wheaton (George J. Sotos, Barbara

A. Preiner, and Mark J. Shanahan, Assistant State's Attorneys, of counsel), for appellee County of Du Page.

Henry L. Mason III, J. Douglas Donenfeld, and Joseph D. Kearney, all of Sidley & Austin, of Chicago, for *amicus curiae* metro counties of Illinois.

Jack O'Malley, State's Attorney, of Chicago (Patricia M. Moser and Laura L. Fese, Assistant State's Attorneys, of counsel), for *amicus curiae* County of Cook.

JUSTICE QUETSCH delivered the opinion of the court:

The plaintiff, Barbara Kaden, brought a four-count class action complaint on behalf of Illinois taxpayers seeking to enjoin Joel Kagann, the clerk of the 18th Judicial Circuit (Du Page County), from turning over to the Du Page County treasury fees he collected pursuant to the Clerks of Courts Act (705 ILCS 105/27.2 (West 1992)) (which provides fees for filing various types of actions and for other court-related services). She also sought a mandatory injunction requiring Kagann to pay the court fees into the State treasury. The plaintiff contended that her relief should be granted because the Fee Deposit Act (50 ILCS 315/2 (West 1992)), which mandates that circuit court clerks deposit fees collected by them with the county treasurer, violates: (1) section 2 of article VIII of the Illinois Constitution (Ill. Const. 1970, art. VIII, § 2), which provides that public funds belonging to the State must be appropriated by the General Assembly; (2) section 9(a) of article VII of the Illinois Constitution (Ill. Const. 1970, art. VII, § 9(a)), which states that fees collected on behalf of units of local government shall not be based upon funds collected; (3) the due process and equal protection clauses of the Illinois and Federal Constitutions; and (4) section 8(d) of article IV of the Illinois Constitution, which provides that a bill shall be read by title on three different days in each house and that bills shall be confined to one subject. The trial court subsequently granted Du Page County leave to intervene as a defendant pursuant to section 2—408(a) of the Code of Civil Procedure (735 ILCS 5/2—408(a) (West 1992)). Kagann and Du Page County each filed a motion to dismiss pursuant to section 2—615(a) of the Code of Civil Procedure (735 ILCS 5/2—615(a) (West 1992)). At the hearing on the defendants' motions, the trial court determined that all four counts of the plaintiff's complaint were predicated upon the argument that the fees collected by Kagann belong to the State. The trial court ruled that the fees are not "State funds," and it dismissed the plaintiff's complaint. The plaintiff filed this timely appeal, and we granted Cook County and the metro

counties of Illinois leave to file *amicus curiae* briefs in support of the judgment.

The sole issue on appeal is whether the trial court erred in dismissing the plaintiff's complaint for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)). When ruling on a section 2—615 motion to dismiss, the court must accept as true all well-pleaded facts and all reasonable inferences which can be drawn therefrom. (*Kolegas v. Heftel Broadcasting Corp.* (1992), 154 Ill. 2d 1, 8-9.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved which would entitle the party to relief. (*Johnson v. George J. Ball, Inc.* (1993), 248 Ill. App. 3d 859, 863.) When making this determination, the court is to interpret the allegations of the complaint in the light most favorable to the plaintiff. (*Johnson*, 248 Ill. App. 3d at 863.) The complaint must be liberally construed with a view to doing substantial justice between the parties. 735 ILCS 5/2—603(c) (West 1992).

The plaintiff contends that the trial court erred in dismissing her complaint for failure to state a cause of action. She argues that the fees collected by the circuit court clerks *do* belong to the State because the fees are imposed by State law (the Clerks of Courts Act (705 ILCS 105/27.2 (West 1992))) and must be paid in order to gain access to the State court system. She further argues that the diversion of State funds to the counties violates several provisions of the Illinois and Federal Constitutions. The plaintiff contends that she has therefore pleaded facts which, if proved, would entitle her to enjoin Kagann from turning over fees collected by him to the county treasury and would require him to pay the fees into the State treasury. She asks that we reverse the order dismissing her complaint and remand the cause to the trial court.

Kagann and Cook County argue that the trial court acted correctly by dismissing the plaintiff's complaint for failure to state a cause of action because the fees collected by circuit court clerks are trust funds which constitutionally belong to the counties to be used for court-related purposes. In support of this argument, they contend that the General Assembly has the constitutional authority to appropriate for the expenses of the judicial system. (Ill. Const. 1970, art. VI, §§ 14, 18; see also *Kotche v. County Board of Winnebago County* (1980), 87 Ill. App. 3d 1127, 1130.) The General Assembly has, in turn, delegated much of the responsibility for funding the State court system to the counties. For example, counties are required to: fund the offices of the circuit clerks (705 ILCS 105/27.3 (West 1992)); supplement the salary of the local State's Attorney (55 ILCS 5/4—

2001 (West 1992)); and erect, maintain, and furnish court facilities and provide for the reasonable and necessary expenses of the judiciary (55 ILCS 5/5—1106 (West 1992)). Kagann and Cook County contend that the fees collected by the circuit court clerks belong to the counties in trust to be used to satisfy their obligations to fund the court system.

Du Page County also argues that the fees collected by the circuit court clerks are not "State funds" and therefore the trial court did not err in dismissing the plaintiff's complaint. Du Page County basically contends that the State treasury has a right to only those funds included in the Governor's budget and appropriated by the General Assembly pursuant to section 2 of article VIII of the Illinois Constitution (Ill. Const. 1970, art. VIII, § 2). Since the fees are not included in the Governor's budget, and are not appropriated by the General Assembly, they do not belong to the State.

The metro counties of Illinois argue that, based upon our decision in *Kotche v. County Board of Winnebago* (1980), 87 Ill. App. 3d 1127, the trial court was correct in dismissing the plaintiff's complaint for failure to state a cause of action. In *Kotche*, the clerk of the circuit court for the 17th Judicial Circuit argued that the Fee Deposit Act violated the 1970 Illinois Constitution. The clerk argued that, in contrast to the 1870 Illinois Constitution, which designated circuit clerks as elected county officers and provided that all fees collected by them above their legislative designated salaries were to be paid to the county treasurer (Ill. Const. 1870, art. X, § 9), the sole reference in the 1970 Constitution to the circuit court clerks is found in article VI providing for the judiciary. (*Kotche*, 87 Ill. App. 3d at 1129.) He reasoned that the 1970 Constitution was intended to remove the office of the circuit court clerk from control by the county board. Therefore, the Fee Deposit Act's requirement that he deposit fees into the county treasury was unconstitutional. *Kotche*, 87 Ill. App. 3d at 1129.

We rejected this argument because there is no provision in the 1970 Illinois Constitution which specifically mandates the manner in which fee income received by the county clerk shall be deposited. (*Kotche*, 87 Ill. App. 3d at 1130.) We held that the General Assembly is therefore free to provide by law for the disposal of such fees. (*Kotche*, 87 Ill. App. 3d at 1130.) In this case, the metro counties argue that we should reaffirm *Kotche* and hold that the State has no constitutional right to the fees collected by the circuit court clerks since the General Assembly has provided by law for the disposal of the fees with the county treasuries.

Having set forth the arguments of the parties and *amici curiae*,

we proceed to determine whether the trial court erred in dismissing the plaintiff's complaint for failure to state a cause of action. We first consider whether the plaintiff has pleaded sufficient facts which, if proved, would establish that the fees collected by the circuit court clerks constitutionally belong to the State. The starting point of our analysis is an examination of the 1970 Illinois Constitution, which makes eight references to public funds belonging to the State. Section 1 of article VIII provides that "[t]he State *** shall incur obligations for payment or make payments from public funds only as authorized by law or ordinance" (Ill. Const. 1970, art. VIII, § 1(b)) and that "[r]eports and records of the obligation, receipt and use of public funds of the State *** are public records available for inspection by the public according to law" (Ill. Const. 1970, art. VIII, § 1(c)). Section 2 of article VIII provides that "[t]he General Assembly by law shall make appropriations for all expenditures of public funds by the State." (Ill. Const. 1970, art. VIII, § 2(b).) Section 3 of article VIII provides that "[t]he General Assembly shall provide by law for the audit of the obligation, receipt and use of public funds of the State" (Ill. Const. 1970, art. VIII, § 3(a)) and that "[t]he Auditor General shall conduct the audit of public funds of the State" (Ill. Const. 1970, art. VIII, § 3(b)). Section 4 of article VIII provides that "[t]he General Assembly by law shall provide systems of accounting, auditing and reporting of the obligation, receipt and use of public funds." (Ill. Const. 1970, art. VIII, § 4.) Section 3 of article X prohibits the General Assembly from appropriating or paying from public funds for sectarian purposes. (Ill. Const. 1970, art. X, § 3.) Section 7 of article XIII provides that the General Assembly may grant public funds to any corporation or public authority authorized to provide public transportation within the State. Ill. Const. 1970, art. XIII, § 7.

From the language of these constitutional provisions, we are unable to determine whether the funds collected by the circuit court clerks are meant to be included as public funds of the State. Therefore, it is appropriate to consult the debates of the delegates to the constitutional convention to determine the intent of the Constitution's drafters. See *League of Women Voters v. County of Peoria* (1987), 121 Ill. 2d 236, 243-44 (if ambiguities remain after consulting the language of a constitutional provision, it is appropriate to consult the debates of the delegates to the constitutional convention to ascertain the meaning which the delegates attached to that provision).

Our examination of the debates of the Sixth Illinois Constitutional Convention of 1969-70 convinces us that the drafters intended for the General Assembly to decide whether fees collected by the circuit

court clerks belong to the State or the counties. At the convention, Delegate Dunn proposed an amendment stating that "[a]ll monies received by all clerks and other judicial officers of the circuit courts shall be deposited upon receipt with the county treasurers." (4 Record of Proceedings, Sixth Illinois Constitutional Convention 2631 (hereinafter Proceedings).) Delegate Ladd immediately asked Dunn whether there was any reason why the General Assembly would be prohibited under the Constitution from acting in this area, and Dunn replied that the General Assembly could "do all of this." (4 Proceedings 2631.) Delegate Knuppel stated "I feel this is legislative and should therefore be defeated." (4 Proceedings 2632.) Delegate Davis stated that "[i]t seems to me that this whole problem is properly a problem for the General Assembly, and that we should not attempt to legislate upon it in this body." (4 Proceedings 2632.) Delegate Scott stated that "I don't think this belongs in the constitution at all." (4 Proceedings 2632.) Delegate Fay stated "I must respectfully urge the defeat of this proposed amendment: and the reason I do so is because, as Mr. Dunn himself said, the legislature could take care of this matter, and I think that we should let them do so rather than engraft this in the constitution where it is not needed." (4 Proceedings 2632-33.) The delegates subsequently voted down the amendment.

■ It is clear from this debate over Delegate Dunn's proposed amendment that the drafters of the 1970 Illinois Constitution did not intend that either the State or the counties have a constitutional right to fees collected by circuit court clerks. Rather, the drafters intended that the General Assembly determine where such fees should be deposited. The General Assembly has stated in the Fee Deposit Act that the fees collected by a circuit court clerk be deposited with the treasury of the county in which the court sits. Thus, contrary to the plaintiff's argument in this case, the State has no constitutional right to the fees collected by Joel Kagann as the circuit court clerk of the 18th Judicial Circuit.

■ We must next examine whether the trial court was correct in determining that all four counts of the plaintiff's complaint are premised upon the argument that the fees collected by Kagann belong to the State. In count I, the plaintiff alleges that the Fee Deposit Act violates section 2 of article VIII of the Illinois Constitution, which provides that the General Assembly shall make appropriations for all expenditures of public funds by the State. Since we have determined that the fees collected by Kagann are public funds belonging to Du Page County, and not the State, the General Assembly has no constitutional obligation to appropriate those funds prior to their expenditure. Therefore, the plaintiff's count I fails to state a cause of action for violation of section 2 of article VIII.

In count II, the plaintiff alleges that the Fee Deposit Act violates section 9(a) of article VII of the Illinois Constitution. That section states:

> "Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes." Ill. Const. 1970, art. VII, § 9(a).

Section 9(a) of article VII abolishes the local government "fee office" system, in which the compensation of officers and employees and office expenses were paid from the fees collected. (*Walker v. Cockrell* (1982), 110 Ill. App. 3d 562, 568.) It is also intended to prevent a unit of local government from retaining, or "skimming off," a portion of the taxes collected for another taxing body as a fee for the service of collecting those taxes. (See *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516.) Our supreme court has held that section 9(a) of article VII also prevents the "skim off" of nontax funds. See *DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, 135.

The plaintiff argues that the Fee Deposit Act violates section 9(a) of article VII because it requires Kagann to deposit the monies he collects with the Du Page County treasury, thereby allowing Du Page County to "skim off" funds which belong to the State. However, we have determined that the monies collected by Kagann belong to Du Page County. The Fee Deposit Act therefore does not allow the county to retain any funds which rightfully belong to the State. The plaintiff has failed to state a cause of action for violation of section 9(a) of article VII.

In count III of her complaint, the plaintiff alleges that the Fee Deposit Act violates the due process and equal protection clauses of the State and Federal Constitutions by requiring that monies belonging to the State be diverted to the county. Since we have determined that the funds in question do not belong to the State, count III of the plaintiff's complaint also fails to state a cause of action.

We note that in her argument on appeal the plaintiff puts forward a different reason why Du Page County is in violation of the due process and equal protection clauses. She contends that Du Page County uses the funds collected by its circuit court clerk for purposes unrelated to the maintenance and operation of the court system. The plaintiff argues that in *Crocker v. Finley* (1984), 99 Ill. 2d 444, our supreme court held that the use of court filing fees for any purpose

other than the operation and maintenance of the courts is a violation of due process. The plaintiff also argues that the equal protection clause is violated because there is no rational basis why only litigants should have to pay what is in effect a tax used for noncourt-related purposes. However, we make no holding on the legal sufficiency of this argument because the plaintiff has not alleged *in her complaint* that Du Page County is violating the due process and equal protection clauses by using the funds collected by its circuit court clerk for purposes unrelated to the operation and maintenance of the court. See *Pease v. International Union of Operating Engineers Local 150* (1991), 208 Ill. App. 3d 863, 876 (on an appeal from an order dismissing an action pursuant to section 2—615, this court, like the trial court, may consider only those allegations contained in the complaint).

In count IV of her complaint, the plaintiff alleges that the Fee Deposit Act violates section 8(d) of article IV, which provides that a bill shall be read by title on three different days in each house and that bills shall be confined to one subject. The full title of the Fee Deposit Act is "An Act to provide for the timely deposit of fees collected pursuant to law by any elected or appointed official of local government." (50 ILCS 315/0.01 *et seq.* (West 1992).) The Act provides that "[a]ll elected or appointed officials of units of local government, and clerks of the circuit courts, authorized by law to collect fees *** shall deposit all such collected fees upon receipt with the county treasurer or treasurer of such other unit of local government, as the case may be." 50 ILCS 315/2 (West 1992).

The plaintiff contends that the Fee Deposit Act violates the title requirement of section 8(d) of article IV because the title gives no notice that the Act concerns circuit court clerks, who are nonjudicial officers of the judicial branch of State government. (*County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 200.) She also argues that the Act violates the single-subject requirement since it regulates the deposit of funds by *both* State and local government officials.

Thus, the plaintiff does not premise the alleged violation of the title and single-subject requirements upon the argument that the fees collected by the circuit court clerk belong to the State. The trial court therefore erred when it relied upon that argument to dismiss count IV. However, adequate legal grounds exist to sustain the trial court's dismissal of count IV, and it is within the power of this court to sustain the order of the trial court on the basis of any legal grounds which have support in the record. *Tim Thompson, Inc. v. Village of Hinsdale* (1993), 247 Ill. App. 3d 863, 887.

We first address the plaintiff's argument that the Fee Deposit Act

violates the title requirement of section 8(d) of article IV because the title gives no notice that the Act concerns nonjudicial officers of the State court system as well as local government officials. In support of this argument, the plaintiff cites *People v. Tibbitts* (1973), 56 Ill. 2d 56, 63, in which our supreme court stated that "[t]he purpose of the requirement is to call the attention of interested parties to the provisions of the act or of the amendment and to prevent surprise or fraud upon the legislature by inserting provisions into an act of which the title gives no intimation and which might therefore be unintentionally adopted."

However, the supreme court in *Tibbitts* was interpreting the title requirement of the 1870 Constitution, which stated: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." (Ill. Const. 1870, art. IV, § 13.) Since the Fee Deposit Act was enacted after the effective date of the 1970 Constitution, though, its validity must be judged by the requirements of the 1970 Constitution rather than the 1870 Constitution. The 1970 Constitution merely requires that a bill be read by title on three different days in each house. The 1970 Constitution no longer requires that the subject of each bill must be expressed in its title, nor. does it make any reference as to what must be included in the title of a bill. The plaintiff does not argue that the Fee Deposit Act was not read by title on three different days in each house; therefore, she has failed to state a cause of action for violation of the constitutional title requirement.

Section 8(d) of article IV of the 1970 Constitution *does* still require that "[b]ills *** shall be confined to one subject," and the plaintiff contends in count IV of her complaint that the Fee Deposit Act violates this provision because it regulates the deposit of funds by *both* State and local government officials. (Ill. Const. 1970, art. IV, § 8(d).) We think that the plaintiff reads the single-subject requirement too narrowly. The purpose behind the single-subject rule is to prevent the combination of unrelated subjects in one bill to obtain support for the package as a whole, when the separate parts could not muster the necessary votes for passage. (*Geja's Cafe v. Metropolitan Pier & Exposition Authority* (1992), 153 Ill. 2d 239, 257-58.) The term "subject" in the constitutional sense is comprehensive in scope and may be as broad as the legislature chooses, so long as the matters included have a natural or logical connection. (*County of Kane*, 116 Ill. 2d at 214.) An act may include all matters germane to its general subject, including the means and methods necessary or appropriate to the accomplishment of the legislative purpose. *County of Kane*, 116 Ill. 2d at 214.

The Fee Deposit Act was enacted to implement the constitutional ban on fee offices within units of local government and the judicial system. (See 50 ILCS 315/1 (West 1992).) The Act provides a means of accomplishing this purpose by requiring local government officials and circuit court clerks to deposit fees with the county treasury or the treasurer of such other unit of local government. All of the provisions are germane to abolishing fee offices and are reasonably necessary to accomplish the legislative purpose. Since the matters included within the Act have a logical connection to each other, the Act satisfies the single-subject requirement. The trial court therefore did not err by dismissing count IV of the plaintiff's complaint.

Since we have determined that the trial court did not abuse its discretion in dismissing the plaintiff's complaint, we need not address the argument put forward by Kagann and Cook County that the plaintiff lacked standing to bring this action. However, we note that lack of standing is an affirmative defense (see *Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 508; *Chicago Title & Trust Co. v. Weiss* (1992), 238 Ill. App. 3d 921, 925) and that when a defendant brings affirmative matter in his motion to dismiss, the motion is properly brought pursuant to section 2—619 of the Code of Civil Procedure. (735 ILCS 5/2—619 (West 1992); see *In re Marriage of Santa Cruz* (1988), 172 Ill. App. 3d 775, 789; *In re Lutgen* (1988), 177 Ill. App. 3d 954, 967; *Senese v. Climatemp, Inc.* (1991), 222 Ill. App. 3d 302, 317.) Since the defendants brought a section 2—615 motion to dismiss, the affirmative defense of lack of standing was not properly raised before the trial court.

The motion made by appellant's counsel during oral argument of this case, that this court issue a certificate of importance, pursuant to Supreme Court Rule 316, is denied.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

WOODWARD and GEIGER, JJ., concur.