BARBARA B. KADEN, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, Defendant-Appellee (The County of Cook, Intervenor and Defendant-Appellee).

First District (2nd Division)   No. 1—95—0965

Opinion filed March 31, 1997.

Lee J. Schwartz, of Chicago, and Bernard Z. Paul, of DeKalb, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Patricia M. Shymanski, Patricia M. Moser, and Andrew M. Varga, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Barbara B. Kaden, filed an action on her own behalf and on behalf of all other taxpayers against defendant Aurelia Pucinski, clerk of the Cook County circuit court (hereinafter Pucinski), in order to recover for the state treasury the circuit court fees that are imposed by the state upon persons using the state court system and that are deposited in county treasuries. Plaintiff challenges the constitutionality of section 2 of the Fee Deposit Act (50 ILCS 315/2 (West 1992)) and section 27.5 of the Clerks of Courts Act (705 ILCS 105/27.5 (West 1992)). Defendant and the intervenor-defendant, the County of Cook, filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)). The trial court granted defendants' motion to dismiss. In addition, the trial court denied plaintiff's motion to strike the appearance of the State's Attorney on behalf of Pucinski. Plaintiff now appeals from the judgments pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

On appeal, plaintiff challenges the following two statutes:

"All elected or appointed officials of units of local government, and *clerks of the circuit courts*, authorized by law to collect fees which collection is not prohibited by Section 9 of Article VII of the Constitution, *shall deposit all such collected fees upon receipt with the county treasurer* or treasurer of such other unit of local government, as the case may be, except as otherwise provided by law; and except that such officials may maintain overpayments, tax redemptions, trust funds and special funds as provided for by law or local ordinance." (Emphasis added.) 50 ILCS 315/2 (West 1992).

"All fees, fines, costs, additional penalties, bail balances assessed or forfeited, and any other amount paid by a person to the circuit clerk, except [for certain designated exceptions] shall be disbursed within 60 days after receipt by the circuit clerk as follows: 47% shall be disbursed to the entity authorized by law to receive the fine imposed in the case; 12% shall be disbursed to the State Treasurer; and 41% shall be disbursed to the county's general corporate fund." 705 ILCS 105/27.5 (West 1992).

Plaintiff contends that: (1) the circuit court fees are state funds; (2) she had standing; and (3) the Cook County State's Attorney cannot represent the clerk of the Cook County circuit court in the absence of a designation of the State's Attorney as a special assistant Attorney General. Plaintiff sought a mandatory injunction requiring Pucinski to pay the circuit court fees into the state treasury. Moreover, plaintiff maintains that she is entitled to relief because the two challenged statutes violate: (1) the appropriation provision of the Illinois Constitution (Ill. Const. 1970, art. VIII, § 2); (2) section 9(a) of the Illinois Constitution (Ill. Const. 1970, art. VII, § 9(a)), which states that fees shall not be based upon funds disbursed or collected; (3) the due process and the equal protection clauses of the state and federal constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2); and (4) the single-subject requirement of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)).

■ We begin our analysis by noting that a motion to dismiss under section 2—615 challenges the legal sufficiency of the complaint. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458 (1981). The relevant inquiry is whether sufficient facts are contained in the pleadings which, if proved, would entitle a plaintiff to relief. *Urbaitis*, 143 Ill. 2d at 475. Upon review of an order granting a section 2—615 motion, all well-pleaded facts are taken as true. *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188 (1995). In reviewing orders on a motion to dismiss, we apply a *de novo* standard of review. *Dace International, Inc. v. Apple Computer, Inc.*, 275 Ill. App. 3d 234, 237 (1995).

We first address plaintiff's contention whether the Cook County State's Attorney can make an appearance on behalf of the clerk of the circuit court. Plaintiff had moved to strike the appearance of the State's Attorney, but the trial court denied it. Plaintiff challenges the constitutionality of the Counties Code (55 ILCS 5/3—9001 through 3—9012 (West 1994)) (hereinafter State's Attorney Act or Act) whether the State's Attorney's representation of Pucinski is lawful, which raises a question of first impression in Illinois. Plaintiff argues that a special assistant Attorney General needed to be appointed.

■ Under the Illinois Constitution of 1970, the Attorney General shall be the legal officer of the State and shall have the duties and powers that may be prescribed by law (Ill. Const. 1970, art. V, § 15) in representing the State of Illinois and its officers. The General Assembly later passed the State's Attorney Act (Act) which provides, in pertinent part, that "[t]he duty of each State's attorney shall be *** [t]o defend all actions and proceedings brought against his county, or against any county or State officer, in his official capacity, within his county." 55 ILCS 5/3—9005(a)(4) (West 1992). We note that the statutory language itself is the best indication of the intent of the drafters, and if the terms are unambiguous, they "must be given their plain and ordinary meaning." *People ex rel. Village of McCook v. Indiana Harbor Belt R.R. Co.*, 256 Ill. App. 3d 27, 29 (1993); see also *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450 (1990).

■ We remain unpersuaded by plaintiff's argument that the State's Attorney Act directly conflicts with the state constitution under these circumstances. We believe that the legislature has clearly construed the Act to give the State's Attorney the authority to represent state officers within his county, which is evident by the plain meaning of the Act's statutory language. We note that the duties of the Attorney General and the State's Attorney can sometimes overlap, since the Attorney General exercises his authority statewide and the State's Attorney exercises his authority within his county in that same state. In the present case, it is undisputed that the Attorney General gave his written consent to allow the State's Attorney's representation of Pucinski, a state officer in Cook County. In addition, Pucinski also consented to the State's Attorney's representation. We deem these acts of consent sufficient to establish proper representation of Pucinski. We have not come across any statute, nor has plaintiff cited to one, that directs the Attorney General to appoint a special assistant Attorney General. Accordingly, after careful consideration, we determine that the trial court properly denied plaintiff's motion to strike the appearance of the State's Attorney.

■ The next issue we address is one of standing. Defendants claim

that plaintiff did not have standing. Plaintiff responds that she was a taxpayer of the government on whose behalf the suit was brought and thus has standing. We find this issue was not properly brought before the trial court.

Lack of standing is an affirmative defense, which is properly brought forth in a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)). Since defendants here have raised this affirmative defense in a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure, we find that it was improperly advanced. Thus, we cannot now consider this issue. See *Kaden v. Kagann*, 260 Ill. App. 3d 256, 265 (1994).

■ We now turn to the main question in this case, whether the trial court erred in dismissing plaintiff's amended complaint on the basis that the circuit court fees are not state funds. Plaintiff strongly urges this court to reverse the lower court's ruling and submits that the court fees are state funds since they are imposed by state law for use of the state court system and collected by state officers, specifically the clerks of the circuit courts. Plaintiff further argues that these alleged state funds are being turned over to the county treasury, as opposed to the state treasury, which is in violation of article VIII, section 2, and article VII, section 9(a), of the Illinois Constitution. Ill. Const. 1970, art. VIII, § 2; art. VII, § 9(a). Defendants respond by arguing that the circuit court fees are trust funds and, thus, cannot be considered state or public funds.

In *Kagann*, the appellate court discussed in its opinion that the drafters of the Illinois Constitution intended for the General Assembly to decide whether fees collected by the circuit court clerks belong to the state or the counties. *Kagann*, 260 Ill. App. 3d at 260-61. The *Kagann* court articulated, after much research into the debates of the Sixth Illinois Constitutional Convention of 1969-70, that:

> "[T]he drafters of the 1970 Illinois Constitution did not intend that either the State or the counties have a constitutional right to fees collected by circuit court clerks. Rather, the drafters intended that the General Assembly determine where such fees should be deposited. The General Assembly has stated in the Fee Deposit Act that the fees collected by a circuit court clerk be deposited with the treasury of the county in which the court sits. Thus, *** the State has no constitutional right to the fees collected by Joel Kagann as the circuit court clerk of the 18th Judicial Circuit."
> *Kagann*, 260 Ill. App. 3d at 261.

While we agree with the ultimate analysis, we must remind ourselves to proceed with caution when analyzing the constitutional conven-

tion debates, as it may not be conclusive of all the delegates' intentions. The appellate court went further and examined the Illinois Constitution carefully. It found eight references to "public funds belonging to the state" but was "unable to determine whether the funds collected by the circuit court clerks are meant to be included as public funds of the State." *Kagann*, 260 Ill. App. 3d at 260. We take cognizance of the fact that the General Assembly has never considered circuit court fees to be "public funds" of the state for purposes of section 2 of article VIII of the Illinois Constitution. Furthermore, the fees have not been included in the state budget nor ever required to be regularly audited (as all public funds must be under the Illinois State Auditing Act (30 ILCS 5/1—1 *et seq.* (West 1992))). Simply stated, no constitutional provision exists that specifically designates the fees as state funds.

The Illinois Constitution enunciates that the court fees must be used solely to pay either the expenses of the circuit court clerk's office or, alternatively, the cost of operation and maintenance of the circuit court (Ill. Const. 1970, art. I, § 12). However, the Illinois Constitution does not have express constitutional provisions regarding the deposit or disposition of the circuit court fees. See *Kotche v. County Board of Winnebago County*, 87 Ill. App. 3d 1127 (1980). It is within the legislature's constitutional powers to require that counties pay the salary and expenses of the circuit court clerk's office. *Drury v. County of McLean*, 89 Ill. 2d 417 (1982). Consequently, the General Assembly seems to have

> "delegated much of the responsibility for funding the State court system to the counties. For example, counties are required to: fund the offices of the circuit clerks (705 ILCS 105/27.3 (West 1992)); supplement the salary of the local State's Attorney (55 ILCS 5/4—2001 (West 1992)); and erect, maintain, and furnish court facilities and provide for the reasonable and necessary expenses of the judiciary (55 ILCS 5/5—1106 (West 1992))." *Kagann*, 260 Ill. App. 3d at 258-59.

Under these particular facts and the existing authority, we conclude that the circuit court fees are fees leveled for county usage. We do not believe these funds can be characterized as purely trust funds or state funds. These fees are deposited in a general fund account, such as the public safety fund, with a certain percentage reverting to the state. The fees have been able to raise over $80 million in annual revenue for the county. See *Kaden v. Pucinski*, 263 Ill. App. 3d 611, 614 (1994). Taking the fees away from the county would create a huge deficit in maintaining the clerk's office.

In sum, we do not believe that plaintiff has pleaded sufficient

facts which, if proved, would entitle her to relief or even establish that the circuit court fees collected constitutionally belong to the state. We conclude that the trial court properly held that all four counts of her complaint failed to state a cause of action, since they were premised on the contention that the circuit court fees are state funds. For the same reasons as given in *Kagann*, 260 Ill. App. 3d at 261-64 (where plaintiff brought an identical suit before the circuit court in Du Page County), plaintiff's complaint was properly dismissed.

In light of the foregoing, we uphold the judgment of the circuit court of Cook County in granting defendants' motion to dismiss plaintiff's amended complaint, as well as denying plaintiff's motion to strike the appearance of the State's Attorney's appearance.

Affirmed.

CERDA and GALLAGHER[1], JJ., concur.

---

[1]Justice Gallagher participated fully in the decision of this case, replacing Justice Rizzi, who originally heard the oral argument of this case prior to his retirement. Justice Gallagher has listened to the recordings of the oral argument and reviewed the briefs and the record herein.