SECOND
DIVISION
 March 31, 1997 

No. 1-95-0965

BARBARA B. KADEN, individually and on behalf
of all others similarly situated,

 Plaintiff-Appellant,

 v.

AURELIA PUCINSKI, Clerk of the Circuit Court
of Cook County,

 Defendant-Appellee, 

 and

THE COUNTY OF COOK,

 Intervenor-Defendant-Appellee.)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)Appeal from the
Circuit Court of
Cook County.

Honorable
Dorothy Kirie Kinnaird,
Judge Presiding.

 PRESIDING JUSTICE TULLY delivered the opinion of the court:
 Plaintiff, Barbara B. Kaden, filed an action on her own behalf and on behalf
of all other taxpayers against defendant, Aurelia Pucinski, Clerk of the Cook County
circuit court (hereinafter Pucinski), in order to recover for the State Treasury the
circuit court fees that are imposed by the state upon persons using the state court
system and that are deposited in county treasuries. Plaintiff challenges the
constitutionality of section 2 of the Fee Deposit Act (50 ILCS 315/2 (West 1992)), and
section 27.5 of the Clerks of Courts Act (705 ILCS 105/27.5 West 1992)). Defendant
and the Intervenor-Defendant, the County of Cook, filed a motion to dismiss pursuant
to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1994)). The
trial court granted defendants' motion to dismiss. In addition, the trial court denied
plaintiff's motion to strike the appearance of the State's Attorney on behalf of
Pucinski. Plaintiff now appeals from the judgments pursuant to Supreme Court Rule
301 (155 Ill. 2d R. 301).
 On appeal, plaintiff challenges the following two statutes: 
 "All elected or appointed officials of units of local
 government, and clerks of the circuit courts, authorized by
 law to collect fees which collection is not prohibited by
 section 9 of Article VII of the Constitution, shall deposit all
 such collected fees upon receipt with the county treasurer
 or treasurer of such other unit of local government, as the
 case may be, except as otherwise provided by law; and
 except that such officials may maintain overpayments, tax
 redemptions, trust funds and special funds as provided for
 by law or local ordinance." (Emphasis added.) 50 ILCS
 315/2 (West 1992).

 "All fees, fines, costs, additional penalties, bail balances
 assessed or forfeited, and any other amount paid by a
 person to the Circuit Clerk, except for certain designated
 exceptions shall be disbursed within 60 days after receipt
 by the circuit clerk as follows: 47% shall be disbursed to
 the entity authorized by law to receive the fine imposed in
 the case; 12% shall be disbursed to the State Treasurer;
 and 41% shall be disbursed to the county's general
 corporate fund." 705 ILCS 105/27.5 (West 1992)).

Plaintiff contends that: (1) the circuit court fees are state funds; (2) she had standing;
and (3) the Cook County State's Attorney cannot represent the Clerk of the Cook
County circuit court in the absence of a designation of the State's Attorney as a
special assistant Attorney General. Plaintiff sought a mandatory injunction requiring
Pucinski to pay the circuit court fees into the State Treasury. Moreover, plaintiff
maintains that she is entitled to relief because the two challenged statutes violate:
(1) the appropriation provision of the Illinois Constitution (Ill. Const. 1970, art. VIII,
 2); (2) section 9(a) of the Illinois Constitution (Ill Const. 1970, art VII,  9(a)) which
states that fees shall not be based upon funds disbursed or collected; (3) the due
process and the equal protection clauses of the State and Federal constitutions (U.S.
Const., amend. XIV; Ill. Const. 1970, art. I, 2); and (4) the single-subject requirement
of the Illinois Constitution (Ill. Const. 1970, art. IV,  8(d)). 
 We begin our analysis by noting that a motion to dismiss under section 2-615
challenges the legal sufficiency of the complaint. Urbaitis v. Commonwealth Edison,
Inc., 143 Ill. 2d 458 (1981). The relevant inquiry is whether sufficient facts are
contained in the pleadings which, if proved, would entitle a plaintiff to relief. 
Urbaitis, 143 Ill. 2d at 475. Upon review of an order granting a section 2-615 motion,
all well-pleaded facts are taken as true. Boyd v. Travelers Insurance Co., 166 Ill. 2d
188 (1995). In reviewing orders on a motion to dismiss, we apply a de novo standard
of review. Dace International, Inc. v. Apple Computer, Inc., 275 Ill. App. 3d 234, 237
(1995).
 We first address plaintiff's contention whether the Cook County State's
Attorney can make an appearance on behalf of the Clerk of the Circuit Court. 
Plaintiff had moved to strike the appearance of the State's Attorney, but the trial
court denied it. Plaintiff challenges the constitutionality of the State's Attorney Act,
whether the State's Attorney's representation of Pucinski is lawful, which raises a
question of first impression in Illinois. Plaintiff argues that a special assistant
Attorney General needed to be appointed. 
 Under the Illinois Constitution of 1970, the Attorney General shall be the legal
officer of the State, and shall have the duties and powers that may be prescribed by
law (Ill. Const. 1970, art. V,  15), in representing the State of Illinois and its
officers. The General Assembly later passed the State's Attorney Act (Act) which
provides, in pertinent part, "that the duty of each State's attorney shall be *** to
defend all actions and proceedings brought against his county, or against any county
or State officer, in his official capacity, within his county." (55 ILCS 5/3-9005(a)(4)
(West 1992)). We note that the statutory language itself is the best indication of the
intent of the drafters, and if the terms are unambiguous, they must be given their
plain and ordinary meaning." People ex rel. Village of McCook v. Indiana Harbor
Belt R.R., 256 Ill. App. 3d 27, 29 (1993); see also Hayes v. Mercy Hospital & Medical
Center, 136 Ill. 2d 450 (1990). 
 We remain unpersuaded by plaintiff's argument that the State's Attorney Act
directly conflicts with the State constitution under these circumstances. We believe
that the legislature has clearly construed the Act to give the State's Attorney the
authority to represent state officers within his county, which is evident by the plain
meaning of the Act's statutory language. We note that the duties of the Attorney
General and the State's Attorney can sometimes overlap, since the Attorney General
exercises his authority state-wide, and the State's Attorney exercises his authority
within his county in that same state. In the present case, it is undisputed that the
Attorney General gave his written consent to allow the State's Attorney's
representation of Pucinski, a state officer in Cook County. In addition, Pucinski also
consented to the State's Attorney's representation. We deem these acts of consent
sufficient to establish proper representation of Pucinski. We have not come across
any statute, nor has plaintiff cited to one, that directs the Attorney General to
appoint a special assistant Attorney General. Accordingly, after careful
consideration, we determine that the trial court properly denied plaintiff's motion to
strike the appearance of the State's Attorney.
 The next issue we address is one of standing. Defendants claim that plaintiff
did not have standing. Plaintiff responds that she was a taxpayer of the government
on whose behalf the suit was brought and thus has standing. We find this issue was
not properly brought before the trial court. 
 Lack of standing is an affirmative defense which is properly brought forth in
a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735
ILCS 5/2-619 (West 1994)). Since defendant here has raised this affirmative defense
in a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure, we
find that it was improperly advanced. Thus, we cannot now consider this issue. See
Kaden v. Kagann, 260 Ill. App. 3d 256, 265 (1994). 
 We now turn to the main question in this case, whether the trial court erred
in dismissing plaintiff's amended complaint on the basis that the circuit court fees
are not state funds. Plaintiff strongly urges this court to reverse the lower court's
ruling and submits that the court fees are state funds since they are imposed by state
law for use of the state court system and collected by state officers, specifically the
clerks of the circuit courts. Plaintiff further argues that these alleged state funds are
being turned over to the County Treasury, as opposed to the State Treasury, which
is in violation of article VIII, section 2 and article VII, section 9(a) of the Illinois
constitution. Defendants respond by arguing that the circuit court fees are trust
funds, and thus, cannot be considered state or public funds.
 In Kagann, the appellate court discussed in its opinion that the drafters of the
Illinois Constitution intended for the General Assembly to decide whether fees
collected by the circuit court clerks belong to the State or the counties. Kagann, 260
Ill. App. 3d at 260-1. The Kagann court articulated, after much research into the
debates of the Sixth Illinois Constitutional Convention of 1969-70, that:
 "[T]he drafters of the 1970 Illinois Constitution did not
 intend that either the State or the counties have a
 constitutional right to fees collected by circuit court clerks. 
 Rather, the drafters intended that the General Assembly
 determine where such fees should be deposited. The
 General Assembly has stated in the Fee Deposit Act that
 the fees collected by a circuit court clerk be deposited with
 the treasury of the county in which the court sits. Thus,
 *** the State has no constitutional right to the fees
 collected by Joel Kagann as the circuit court clerk of the
 18th Judicial Circuit." Kagann, 260 Ill. App. 3d at 261.
While we agree with the ultimate analysis, we must remind ourselves to proceed with
caution when analyzing the constitutional convention debates, as it may not be
conclusive of all the delegates' intentions. The appellate court went further and
examined the Illinois Constitution carefully. It found eight references to "public
funds belonging to the state" but was "unable to determine whether the funds
collected by the circuit court clerks are meant to be included as public funds of the
State." Kagann, 260 Ill. App. 3d at 260. We take cognizance of the fact that the
General Assembly has never considered circuit court fees to be "public funds" of the
State for purposes of section 2 of article VIII of the Illinois Constitution. 
Furthermore, the fees have not been included in the state budget, nor ever required
to be regularly audited (as all public funds must be under the Illinois State Auditing
Act 30 ILCS 5/1-1 et seq. (West 1992)). Simply stated, no constitutional provision
exists which specifically designates the fees as state funds. 
 The Illinois Constitution enunciates that the court fees must be used solely to
pay either the expenses of the circuit court clerks office or alternatively, the cost of
operation and maintenance of the circuit court (Ill. Const. 1970, art I,  12). 
However, the Illinois Constitution does not have express constitutional provisions
regarding the deposit or disposition of the circuit court fees. See Kotche v. County
Board of Winnebago County, 87 Ill. App. 3d 1127 (1980). It is within the legislature's
constitutional powers to require that counties pay the salary and expenses of the
circuit court clerk's office. Drury v. County of McLean, 89 Ill. 2d 417 (1982) 
Consequently, the General Assembly seems to have
 "delegated much of the responsibility for funding the State court system
 to the counties *** including fund the offices of the circuit clerks (705
 ILCS 105/27.3 (West 1992)), supplement the salary of the local State's
 Attorney (55 ILCS 5/4-2001 (West 1992)), and erect, maintain, and
 furnish court facilities and provide for the reasonable and necessary
 expenses of the judiciary (55 ILCS 5/5-1106 (West 1992))." Kagann, 260
 Ill. App. 3d at 258-9. 

 Under these particular facts and the existing authority, we conclude that the
circuit court fees are fees leveled for county usage. We do not believe these funds can
be characterized as purely trust funds or state funds. These fees are deposited in a
general fund account, such as the Public Safety Fund, with a certain percentage
reverting to the State. The fees have been able to raise over $80 million in annual
revenue for the county. See Kaden v. Pucinski, 263 Ill. App. 3d 611, 614 (1994). 
Taking the fees away from the county would create a huge deficit in maintaining the
clerk's office. 
 In sum, we do not believe that plaintiff has pleaded sufficient facts which, if
proved, would entitle her to relief or even establish that the circuit court fees
collected constitutionally belong to the State. We conclude that the trial court
properly held that all four counts of her complaint failed to state a cause of action,
since they were premised on the contention that the circuit court fees are state funds. 
For the same reasons as given in Kagann, 260 Ill. App. 3d at 261-4 (where plaintiff
brought an identical suit before the circuit court in DuPage County), plaintiff's
complaint was properly dismissed. 
 In light of the foregoing, we uphold the judgment of the circuit court of Cook
County in granting defendant's motion to dismiss plaintiff's amended complaint, as
well as denying plaintiff's motion to strike the appearance of the State's Attorney's
appearance. 

 Affirmed.
 CERDA and GALLAGHER*, JJ., concur.
 
*Justice Gallagher participated fully in the decision of this case, replacing Justice
Rizzi, who originally heard the oral argument of this case prior to his retirement. 
Justice Gallagher has listened to the recordings of the oral argument and reviewed
the briefs and the record herein.